Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7048 | **DATE** | August 2, 2002 |
| **CASE TITLE** | Mary Lou Lee v. LFG, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Appellants' motion to expedite appeal, to schedule oral argument, and for stay pending appeal [24-1] is denied. ENTER MEMORANDUM OPINION.**

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices MAILED by judge's staff. | | AUG 0 5 2002 | 30 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | (Reserved for use by the Court) | |

01-7048.021-JCD                                              August 2, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARY LOU LEE, on behalf of herself )
individually and as guardian of    )
JASON LEE FOO, a minor, and        )
SAMANTHA LEE FOO, a minor,         )
beneficiaries of the ESTATE OF     )
DENNIS FOO,                        )
                                   )
          Appellants,              )
                                   )
     v.                            )    No. 01 C 7048
                                   )
LFG, LLC,                          )
                                   )
          Appellee.                )

DOCKETED
AUG 0 5 2002

## MEMORANDUM OPINION AND ORDER

Before the court is appellants' motion to expedite appeal, to schedule oral argument, and for stay pending appeal. For the reasons stated below, the motion is denied.

In the bankruptcy court, appellants moved to convert LFG's bankruptcy to Chapter 7, asserting that LFG was not eligible to file under Chapter 11 because it was a "commodity broker" by virtue of being a "futures commission merchant" ("FCM") with respect to which there is at least one customer. Bankruptcy Judge Katz denied the motion. He stated that, as a matter of law, to be ineligible to proceed under Chapter 11, (1) the Debtor has to have asserted against it a "customer claim" as defined in subchapter IV of Chapter 7; and (2) be an FCM as defined in subchapter IV. Judge

Katz ruled that (1) LFG was eligible to proceed under Chapter 11 because it was not an FCM; and (2) the Foo Estate was not a holder of a "customer claim" against LFG. As for the first part of his ruling, Judge Katz said that LFG was not an FCM because it was not <u>engaged in</u> trades on the relevant date, which was the date the bankruptcy petition was filed. Judge Katz said he did not approve of this result, but that he was required to follow the plain language of the relevant statute, which couches the definition of an FCM in present-tense terms.[1]

The Foo Estate concedes that Judge Katz's ruling was an interlocutory order, but argues that, pursuant to 28 U.S.C. § 1292(b), we should allow the appeal because it presents a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. LFG contends that there is no substantial ground for difference of opinion and that an immediate appeal from the order would not

---

[1] The Bankruptcy Code defines "commodity broker" to include a futures commission merchant ("FCM"), foreign FCM, clearing organization, leverage transaction merchant, and commodity option dealer with respect to which there is a customer, as defined in § 761. 11 U.S.C. § 101(5). The Bankruptcy Code cross-references the Commodity Exchange Act in defining an FCM.
 The Commodity Exchange Act, 7 U.S.C. § 1 <u>et seq.</u>, the federal regulatory framework for commodity futures trading in the United States, defines "futures commission merchant" to include "an individual, association, partnership, corporation, or trust that--(A) <u>is engaged in</u> soliciting or in accepting orders for the purchase or sale of any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility; and (B) in or in connection with such solicitation or acceptance of orders, <u>accepts</u> any money, securities, or property (or extends credit in lieu thereof) to margin, guarantee, or secure any trades or contracts that result or may result therefrom." (emphasis added).

materially advance the ultimate termination of the litigation. Assuming that we grant the Foo Estate leave to appeal, there are two issues: 1) Was LFG an "FCM"? and 2) Was Foo's claim against LFG a "customer claim"?[2] The Foo Estate would have to prevail on both of these issues in order to obtain a reversal and a conversion to Chapter 7.

With regard to the "FCM" determination, the Foo Estate cites the Commodity Futures Trading Commission's ("CFTC") definition of an "FCM," which is "any person who is registered as an FCM" and does not focus on the entity's activities. The Estate contends that the CFTC's definition should be given deference. The Estate cites case law that does not appear to be squarely on point and also makes a policy argument.

LFG maintains that the CFTC's definition of "FCM" is not relevant and that deference is not required because Congress has already defined "FCM" in the Bankruptcy Code and the Commodity Exchange Act. LFG distinguishes the case law cited by the Foo Estate, and also offers policy arguments.

After reviewing Bankruptcy Judge Katz's order and oral ruling denying the Foo Estate's motion to convert the bankruptcy case to one under Chapter 7 of the Bankruptcy Code, the parties' appellate

---

[2] The parties agree that our review of the first issue is <u>de novo</u>, but disagree about the standard of review as to the second issue. The Foo Estate contends that <u>de novo</u> review is appropriate, but LFG argues that we should review only for clear error because the issue is "inextricably tied" to factual determinations.

- 4 -

briefs, and the briefs on the instant motion, we believe that the Foo Estate has not shown a substantial likelihood of success on the merits of its appeal. Therefore, appellants' motion for a stay pending appeal is denied. We also deny appellants' motion to schedule oral argument, as it appears unnecessary given the lengthy and comprehensive appellate briefs filed by the parties. As for the portion of appellants' motion that seeks to "expedite" appeal, we can assure the parties that we will give the matter our full attention at the earliest practicable time.

DATE: August 2, 2002

ENTER: *[signature: John P. Grady]*

John F. Grady, United States District Judge